CJ16 1508-

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 22 2016

TIM RHODES
COURT CLERK

| | |
|---|---|
| DIFFEE MOTOR CARS SOUTH, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CJ 2016-1508 ) |
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## PETITION

**COMES NOW** the Plaintiff, DIFFEE MOTOR CARS SOUTH, INC. (hereinafter "Plaintiff"), and for its causes of action against Defendant, ZURICH AMERICAN INSURANCE COMPANY, (hereinafter referred to as "Defendant"), does hereby allege and state as follows:

### STATEMENT OF FACTS

1. Plaintiff is situated in Oklahoma City, Oklahoma County, Oklahoma. Plaintiff has an insurable interest in all property located at 200 & 300 South MacArthur Blvd., Oklahoma City, Oklahoma 73128 (hereinafter referred to as the "Property").

2. Defendant is an insurance company incorporated under the laws of the State of Illinois, and is registered to engage in the business of insurance in the State of Oklahoma.

3. Plaintiff entered into a contract for insurance with Defendant to provide

1

Exhibit 2

coverage for its Property. Plaintiff's insured property is located in Oklahoma County, Oklahoma.

4. Defendant issued the commercial policy of insurance, Policy No. 296382 (hereinafter the "Policy"), to the Plaintiff, by and through its member company, Universal Underwriters Insurance Company.

5. Defendant represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations.

6. On or about March 25, 2015, the Property insured under the Policy was severely damaged as a direct result of a wind/hailstorm.

7. Plaintiff timely and properly submitted a claim to Defendant, for the property damage incurred due to the wind/hailstorm.

8. Defendant confirmed that the cause of Plaintiff's property damage claim was due to wind/hailstorm, that the loss was covered under the terms and conditions of the Policy with Defendant, and assigned a claim number of 5570133553.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

9. Plaintiff adopts and incorporates by reference paragraphs 1 through 8 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

10. Plaintiff entered into a contract for insurance with Defendant to provide

2

coverage for the Property, business loss, and business personal property.

11. At all times material hereto, the Policy, No. 296382, was in full force and effect.

12. Plaintiff provided timely and proper notice of its claim of all covered damages resulting from the wind/hailstorm on or about March 25, 2015.

13. Plaintiff has complied with the terms and conditions and all conditions precedent under the Policy.

14. As to the the windstorm/hailstorm damages that underlie Plaintiff's claim, Defendant has only paid fifty-seven thousand, five hundred forty-four and 59/100 dollars ($57.544.59) in insurance benefits to date for those losses covered by the Policy.

15. Conversely, Plaintiff received an estimate from its Public Insurance Adjuster which was provided to Defendant that confirmed the cost to repair those losses covered by the Policy total two hundred twenty-six thousand three hundred eleven and 37/100 dollars ($226,311.37).

16. By failing to fully indemnify Plaintiff for losses covered by the contract of insurance, Defendant has breached its contractual obligations under the terms and conditions of the Policy with Plaintiff by failing to pay Plaintiff all benefits owed.

17. Defendant's conduct is the proximate cause of Plaintiff's damages.

18. As a result of the Defendant's breach of contract the Plaintiff has sustained financial losses.

19. Pursuant to 12 O.S. § 3629(B), Plaintiff is entitled to attorneys fees, costs and statutory interest at the rate of 15% per annum.

20. As a result of Defendant's breach of contract and other wrongful conduct, Plaintiff has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

21. Plaintiff adopts and incorporates by reference paragraphs 1 through 20 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

22. Defendant owed a duty to Plaintiff to deal fairly and act in good faith.

23. Defendant breached its duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay the Plaintiff's claim.

24. Defendant's obligations to the Plaintiff arise from both express written terms under the Policy as well as implied obligations under Oklahoma law.

25. Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

26. Despite Defendant identifying hail damage to the "soft metals," including vents on the roofs of Plaintiff's buildings, Defendant failed to pay for the direct physical damage caused by hail on the actual roofing systems.

27. According to Plaintiff's public adjuster, Mr. Roy Young, Defendant's adjuster Mr. Ridgley Willis agreed that the buildings' roofing systems

suffered hail damage.

28. Defendant also misrepresented the terms of the policy. Specifically, Defendant's retained engineer Michael Stark with ProNet Group, Inc., applied a "functional damage" standard to identify damage despite the policy not requiring such standard for a covered loss.

29. Indeed, Defnedant's own adjuster Mr. Ridgley Willis improperly applied a standard for damages that does not exist under the terms of the Policy issued by Defendant to Plaintiff.

30. Defendant's misrepresentations of the terms of the policy is a violation of Defendant's obligation to treat Plaintiff in good faith and fairly under Oklahoma law.

31. Defendant owes for all direct physical damages caused by a peril not otherwise limited or excluded by the express terms of the Policy.

32. Defendant ignored direct physical damages covered by the Policy for financial gain.

33. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, and to the damage and detriment of Plaintiff.

34. Defendant engages in a profit sharing program that provides financial incentives to its employees to underpay and/or deny its insureds' claims.

35. As a result of the Defendant's conduct, the Plaintiff has sustained financial losses.

36. As a result of Defendant's conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

37. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

38. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

39. Plaintiff further alleges Defendant benfited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendant, ZURICH AMERICAN INSURANCE COMPANY, as follows:

    a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject Policy of insurance for damage to its Property caused by the wind/hail storm on or about March 25, 2015, together with interest on all amounts due;

b. Disgorgement of the incureased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c. Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00), and

d. Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
**FOSHEE & YAFFE**
P.O. Box 890550
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

-and-

Larry E. Bache, Esq., FL Bar No: 91304
**MERLIN LAW GROUP**
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
Phone: 813-229-1000
Fax: 813-229-3692
Email: lbache@merlinlawgroup.com

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**